**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CLAYTON VENTURES, L.L.C., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-6535** |
| **BURLINGTON INSURANCE COMPANY** | **SECTION I** |

### ORDER AND REASONS

Before the Court is defendant Burlington Insurance Company's ("defendant") motion[1] to hold plaintiffs Clayton Ventures, L.L.C., Surgir, L.L.C., Emerge Developments, L.L.C., and Terrell Clayton (collectively, "plaintiffs") in contempt of court for their failure to comply with this Court's orders, and to exclude plaintiffs' "labor figures and all testimony, documents, evidence, and references that rely on the labor figures."[2] Plaintiffs filed a response[3] in opposition to defendant's motion.

Defendant's motion is premised upon plaintiffs' repeated failure to provide discovery that this Court ordered they produce.[4] Beginning in early 2024, plaintiffs failed to timely comply with this Court's Case Management Order[5] that required the parties to exchange initial disclosures and produce "complete and unaltered copies" of the proofs supporting their claimed loss.[6] Defendant filed a motion to compel plaintiffs' initial disclosures, which was resolved by U.S. Magistrate Judge Dossier.[7]

---

[1] R. Doc. No. 44.
[2] *Id.*
[3] R. Doc. No. 45.
[4] *See* R. Doc. No. 44.
[5] R. Doc. No. 12.
[6] *Id.* at 2–3, 19.
[7] *See* R. Doc. Nos. 21, 25.

The parties at that time stipulated that plaintiffs would be "prohibited from presenting evidence in support of their claims if it is later determined that the information and documents required to be produced" by the Court's Case Management Order "existed at the time of plaintiffs' production and were not produced."[8]

Next, on November 11, 2024, plaintiffs provided four spreadsheets that are each titled "Damage Repair Estimate Report" and purport to include labor costs associated with plaintiffs' claimed losses.[9] Defendant's counsel found the spreadsheets "not self-explanatory" and sought clarification of their contents from plaintiffs' counsel.[10] Specifically, for example, defense counsel requested clarification on "the methodology used" for determining the "scope of the repairs" and "number of hours" included on the labor tab of the spreadsheets.[11] Defense counsel also inquired as to what the spreadsheets meant by "opportunity loss" and how that "number was calculated."[12]

Plaintiffs' counsel told defendant's counsel that the spreadsheets reflected the "estimated completed time" as "reviewed by our operations manager to determine the reasonable amount of time that it took to complete [each] task."[13] Plaintiffs' counsel also explained that the scope of repairs in the spreadsheets came "directly from the

---

[8] R. Doc. No. 25, at 1.
[9] R. Doc. No. 44-1, at 1–2
[10] R. Doc. No. 44-3, at 1.
[11] *Id.*
[12] *Id.*
[13] R. Doc. No. 44-4, at 1.

. . . damage report."[14] According to defendant's counsel, which plaintiffs do not dispute, "no documentation was provided to support the figures on the spreadsheet, despite the fact that such documentation would necessarily be within plaintiffs' possession and control."[15]

On April 9, 2026, the parties appeared before this Court for a status conference.[16] At the conference, defendant's counsel explained the issues it was facing with respect to obtaining supporting documentation from plaintiffs for the claimed labor figures.[17] The Court ordered plaintiffs to produce to defendant "all documentation supporting the labor figures on the spreadsheet . . . no later than Monday, April 20, 2026."[18]

Defendant's motion represents that following this conference, defense counsel and plaintiffs' counsel "discussed the spreadsheets to make sure there was an understanding of what information was needed."[19] Yet, plaintiffs did not produce any additional supporting documentation by April 20th or since.[20] Defendant now moves for an order finding plaintiffs in contempt of this Court's orders,[21] and to exclude the labor figures and related evidence.[22]

Plaintiffs' response to defendant's motion concedes that they made no

---

[14] *Id.*

[15] R. Doc. No. 44-1, at 4 (capitalization omitted).

[16] R. Doc. No. 43.

[17] *See id.*

[18] *Id.* (capitalization omitted).

[19] R. Doc. No. 44-1, at 5.

[20] *Id.*

[21] R. Doc. Nos. 12, 25, 43.

[22] *See generally* R. Doc. No. 44.

additional production to defendant, in violation of this Court's April 2026 order.[23] However, they contend that they have "complied with the spirit" of the order, because they have produced all the supporting documentation "in their possession" and have requested "the canceled checks and copies of statements from their banking institution(s)."[24] Plaintiffs state that the banks have informed them that the records "should be available by the end of this month."[25]

Plaintiffs, admittedly without justification, did not seek an extension of this Court's order[26] to produce this supplemental documentation by April 20th. Instead, plaintiffs ask this Court to continue the submission date of defendant's present motion to June 10, 2026.[27]

The Court finds that the exclusion of labor figures for which plaintiffs failed to provide support by April 20th (the "unsupported labor figures") is appropriate pursuant to Federal Rule of Civil Procedure 37(c). Rule 37(c) provides that: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In determining whether the sanction available under Rule 37(c) is appropriate, the Fifth Circuit has instructed courts to consider four factors: "(1) the explanation for the failure to [comply with Rule 26(a) or (e)]; (2) the importance of the

---

[23] R. Doc. No. 45, at 1.
[24] *Id.*
[25] *Id.*
[26] R. Doc. No. 43.
[27] *See* R. Doc. No. 45, at 2.

4

testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *O'Neal v. Cazes*, 257 Fed. Appx. 710, 716 (5th Cir. 2007) (*per curiam*) (quoting *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)); *see also CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) (applying the four-factor test to assess whether the district court abused its discretion in excluding evidence under Rule 37(c)). The Court concludes that these factors weigh in favor of exclusion with respect to the unsupported labor figures.

Plaintiffs' only explanation for their failure to produce supporting documentation is that this documentation is "no longer in [their] possession" and that they are waiting for their banks to produce the requested records.[28] They do not explain why they did not seek this documentation earlier, request an extension of the April 20th deadline, or otherwise respond to defense counsel's follow-up email on April 21st regarding the status of the supplemental documentation.[29] *Cf. Collins v. Cenac Marine Servs., LLC*, No. 16-16627, 2017 WL 4960263, at *2 (E.D. La. Nov. 1, 2017) (Africk, J.) (finding the fact that the party had not requested an extension to obtain the contested discovery favored exclusion); *O'Neal*, 257 Fed. Appx. at 716 ("Appellants . . . never objected to or sought clarification of the order [setting the expert disclosure deadline]; they simply ignored it until it was too late."). Furthermore, the bank records themselves would not satisfy plaintiffs' obligation to

---

[28] *See id.* at 1–2.
[29] *See* R. Doc. No. 44-5, at 1 ("We did not receive any documentation from plaintiffs yesterday to support the spreadsheet. Please let us know the status."); *see also id.* at 3 (indicating that plaintiffs' counsel read the email on April 21, 2026).

produce the supporting documentation.

Although the labor figures are undoubtedly important to plaintiffs, permitting the admission of this evidence at this late stage would result in prejudice to defendant. *Cf. Collins*, 2017 WL 4960263, at *2; *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009) ("[G]iven the advanced stage of the litigation, permitting the new evidence would not have been harmless."). The submission deadline for all pretrial motions, including dispositive motions, is August 5, 2026.[30] The pretrial conference is scheduled for August 27, 2026, and trial is set to commence on September 28, 2026.[31] The parties also have a settlement conference scheduled before U.S. Magistrate Judge Dossier on June 18, 2026.[32] Further delay, even to the end of the month, would prejudice defendant's ability to effectively litigate against plaintiffs' claimed loss.

Finally, the Court notes that plaintiffs have had ample time to provide the supporting documentation and have failed to do so. The Court declines to continue a matter "where a party failed to comply with the Court's deadline and has demonstrated a lack of interest and effort in correcting the error." *Collins*, 2017 WL 4960263, at *2.

For these reasons,

**IT IS ORDERED** that defendant's motion to exclude is **GRANTED** in part. The labor figures referenced on plaintiffs' spreadsheets for which there is no

---

[30] R. Doc. No. 38, at 1.
[31] *Id.* at 3.
[32] R. Doc. No. 42.

supporting documentation are excluded.

**IT IS FURTHER ORDERED** that defendant's motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that pursuant to the discussion during the May 6, 2026 telephone conference and Federal Rule of Civil Procedure 37(c)(1)(A), plaintiffs shall pay defendant's attorney's fees for time expended in filing the present motion, at a rate of $175.00 per hour, for two hours of work, in the total amount of $350.00.

New Orleans, Louisiana, May 7, 2026.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**